**Alvaro QUIROGA, Appellant,**

**v.**

**HASBRO, INC. and Playskool Baby, Inc.**

**Nos. 90–5284, 90–5748.**

United States Court of Appeals,
Third Circuit.

Appeal Submitted Pursuant to Third
Circuit Rule 12(6)
May 31, 1991.

Motion Submitted Pursuant to Third
Circuit Rule 11.1.

Decided Sept. 6, 1991.

Stephen R. Mills, Livingston, N.J., for appellant.

James M. Paulson, Morgan, Brown & Joy, Boston, Mass., for appellees.

Before HUTCHINSON, NYGAARD and ROSENN, Circuit Judges.

OPINION OF THE COURT

NYGAARD, Circuit Judge.

On June 11, 1991 we issued our opinion affirming the district court's judgment in Appeal No. 90–5284 rejecting Quiroga's claim that the Hasbro defendants unlawfully retaliated against him for asserting rights under Title VII, 42 U.S.C. §§ 2000e–2000e–17, by discharging him. In Appeal No. 90–5748 we affirmed the district court's order awarding $10,000 in attorney's fees to the Hasbro defendants, but remanded to the district court for it to consider whether the fee should be levied against Quiroga, his counsel, Stephen R. Mills, or both. *Quiroga v. Hasbro, Inc. and Playskool Baby, Inc.*, 934 F.2d 497 (3d Cir.1991). On July 5, 1991 we denied Quiroga's Petition for In Banc Rehearing.

We are now asked by the Hasbro appellees, under Fed.R.App.P. 38, and Rule 27 of this court to award them attorney's fees and double costs to be paid by Attorney Stephen R. Mills. We will award attor-

ney's fees in Appeal No. 90–5284 only, plus costs.

## I.

 Federal Rule of Appellate Procedure 38 provides:

If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee.

We apply an objective standard to determine whether an appeal is frivolous. *Hilmon Co. v. Hyatt International*, 899 F.2d 250, 253 (3d Cir.1990). An appeal is frivolous if it is wholly without merit. *Sauers v. Commissioner of Internal Revenue*, 771 F.2d 64, 70 n. 9 (3d Cir.1985), *cert. denied* 476 U.S. 1162, 106 S.Ct. 2286, 90 L.Ed.2d 727 (1986). A Rule 38 damage award may be assessed against an appellant's attorney. "The test is whether, following a thorough analysis of the record and careful research of the law, a reasonable attorney would conclude that the appeal is frivolous." *Hilmon*, 899 F.2d at 254.

 When the district court rejected all of Quiroga's claims, it found them to be utterly without basis in law or in fact and entered judgment for Hasbro. When we affirmed the order we described Quiroga's suit as "obviously frivolous," and concluded that the parties and the court were subjected to unnecessary expense and inconvenience. *Quiroga*, 934 F.2d at 504.

We described Quiroga's contentions in appeal No. 90–5284 as without support in the record. *Quiroga*, 934 F.2d at 500. "Quiroga presented only his subjective belief, but absolutely no supporting evidence that Hasbro's motives [in discharging Quiroga] were improper." *Quiroga*, 934 F.2d at 502. This was known to Quiroga's attorney before he filed the appeal. Careful analysis of the record and research of the law should have led him, as it would any reasonable attorney, to conclude that he simply had no legal and factual basis for the lawsuit. A reasonable attorney would have concluded that Appeal No. 90–5248 was wholly devoid of merit.

Upon that conclusion our inquiry ends and Rule 38 Sanctions become appropriate. It would be fundamentally unfair to Hasbro if we permit Quiroga to compel Hasbro to court to defend an appeal that is wholly devoid of merit, without facing sanctions for doing so. It is a hollow victory indeed for an appellee who successfully defends a frivolous appeal, if it is then further penalized by fee payments to its own attorney. Accordingly, we will award attorney's fees in Appeal No. 90–5284 only, plus costs, as a sanction for pursuing a frivolous appeal.[1]

Finally, Hasbro submits that Quiroga's counsel, Stephen R. Mills, should be required to pay the award of fees and costs. We agree. We have already concluded that Rule 38 awards can be assessed against counsel. *Hilmon*, 899 F.2d at 253–254. Such an assessment is especially appropriate here, for we have already found that filing the action

without any foundation in law or fact was as much Attorney Mills' fault as it was Quiroga's. Mills, as a trained lawyer, should have known better. He proceeded with an obviously frivolous lawsuit, after putting his client's job and future at great risk, and also subjected the parties and the court to unnecessary expense and inconvenience.

*Quiroga*, 934 F.2d at 504.

We concluded in *Hilmon* that

attorneys have an affirmative obligation to research the law and to determine if a claim on appeal is utterly without merit and may be deemed frivolous. We conclude that if counsel ignore or fail in this obligation to their client, they do so at their peril and may become personally liable to satisfy a Rule 38 award.

*Hilmon*, 899 at 254.

As the Court of Appeals for the Seventh Circuit recently observed:

the frequency with which federal judges are imposing sanctions for abuse of federal court process has increased markedly in recent years. The reasons are systemic. As the federal courts become more and more overloaded, the costs im-

---

1. We will not impose sanctions in appeal No. 90–5748. Quiroga presented a marginal argument which, albeit poorly articulated, raised a

"colorable argument." See *In Re Hall's Motor Transit Co.*, 889 F.2d 520, 523 (3rd Cir.1989).

posed on ethical and responsible litigants when judicial resources are diverted to the processing of frivolous claims and defenses mount higher and higher. Moreover, as the bar and the judiciary both expand, the incentive for self-regulation by lawyers that comes from appearing regularly before the same judges diminishes, making judicial regulation by sanctions increasingly necessary. We are in a transitional period, and some members of the bar still do not realize that the judicial attitude toward attorney misconduct has stiffened. They had better realize it.

*Hill v. Norfolk and Western Ry. Co.,* 814 F.2d 1192, 1203 (7th Cir.1985).

Accordingly, a judgment will be entered in favor of Hasbro, Inc. and Playskool Baby, Inc., for attorney's fees in the amount of $11,796.00 and costs in the amount of $394.08 against Stephen R. Mills, attorney for appellant.[2]

---

**2.** Attorney Mills does not challenge the amount of damages requested by Hasbro, only the propriety of the sanction.