

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-27-2006

# Dasilva v. Esmor Corr Ser Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3095

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Dasilva v. Esmor Corr Ser Inc" (2006). *2006 Decisions.* Paper 1710.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1710

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No.  03-3095 & 03-4435

JOAQUIN DASILVA; MARIE ROSE JILSAIME; HECTOR TRELLES;
AKENIS MONTANE SANTOS; OSA OGBEGIE; ROBERTO RODRIGUEZ;
MANUEL VALDES; MARIA ROZADA DASILVA;  MRS. VALDES (Per Quod)
Appellants in (03-4435)

v.

ESMOR CORRECTIONAL SERVICES, INC;
PORT AUTHORITY OF NEW YORK AND NEW JERSEY;
JOHN DOES, A-Z (names being fictitious);
ROBERT DOE, R.N., A-Z (names being fictitious)
PETER DOE, A-Z (names being fictitious)
ABC CORPORATION, A-Z (names being fictitious)

Esmor Correctional Services, Inc.,
Appellant in (03-3095)

(D.C. Civil Action No. 96-cv-03755)

No. 03-3096

HAWA ABDI JAMA; ABU BAKAR; CHARLES ADDAI; JOSEPH ACKAH;
BENJAMIN ANANG; KWEKU AWOTWE; YVETTE NSUKAMI BADJOKO;
GONZALO CRESPO; JOSEPH DEBRAH; CECILIA KOU JEFFREY;
ANANTHARAJAH JEYAKUMAR; ABRAHAM KENNETH; NAGENDRAN
MANOHARAN; THOMAS KYEU MANU; DENNIS RAJI; SHAMIMU NANTEZA;
AGATHA SERWAA; JASMEL SINGH; FOLORUNSHO WASIU ALIBI; SARAH
TETTEH YOWER

v.

IMMIGRATION & NATURALIZATION SERVICE; ESMOR
CORRECTIONAL SERVICES INC.; JOHN DOE MCCLEAN;
NORMAN UZZLE; MICHAEL D. ROZOS; JOHN DOE
BOYER; JOHN DOE FREISS; JOHN DOE SILVA;
JAMES SLATTERY; AARON SPEISMAN; WILLARD STOVALL;
JOHN LIMA; JAMES POULAND; DIANE MCCLURE;
RICHARD STALEY; JOHN DOE BROWN; JOHN DOE BROWNDIE;
JANE DOE CLARK; JOHN DOE EDIDER; JOHN DOE FEDER;
JOHN DOE FIGEL; JOHN DOE GARCIA; JOHN DOE GILL;
JOHN DOE HAWKINS; JOHN DOE HAYES; JOHN DOE HIGGS;
JOHN DOE HUGHES; JOHN DOE HUNTER; JOHN DOE JACKSON;
JOHN DOE JOHNSON; JOHN DOE KUTZ; JOHN DOE MELENDEZ;
JANE DOE MICHELLE; JOHN DOE MOHAMMED; JOHN DOE NKENKE;
JANE DOE PHIL; JOHN DOE SNEED; JOHN DOE STRATFORD; JOHN DOE
VANDERPOOR; JOHN DOE WILLIAMS; JOHN DOE WILSON;
JOHN DOE WALLINGTON; JOHN AND JANE DOES 1-50; WILLIAM HIGGS;
UNITED STATES; DAVID MCCLEAN; EARLINE D. BOYER; ALAN FREISS;
KEVIN T. BRODIE; IRVING BROWN; TOMMIE L. BROWN; CATRINA CLARK;
LEONARD EADY; FRANK FIGEL; LUIS GARCIA;
DARRELL GILL; WINFRED HAWKINS; ISAIAH HUGHES;
DORIAN HUNTER; WILLIE O. HUNTER; MICHAEL JACKSON; PHILLIP
JOHNSON; MICHAEL MELENDEZ; OKAY NKENKE; ROBERT
SNEAD; COREY STRADFORD; MICHAEL TATE; AUGUSTUS VANDERPUYE;
WILLIAM WALLINGTON; NORMAN WILLIAMS,

                              Esmor Correctional Services Inc.,
                              James F. Slattery, John Lima, Richard
                              Staley, Aaron Speisman,
                                       Appellants

               (D.C. Civil Action No. 97-cv-03093)

               _____

               No.  03-3348 & 05-4007

               _____

SAMSON BROWN; DAVIS AUGUSTT; POOBALASINGAM BAKEERATHAN;
BALAS ARAVINTHAN; BALARANGINI RATNAM; KIRITHARASAN
KANAGASANGAM

2

v.

ESMOR CORRECTIONAL SERVICES, INC; ESMOR INC;
ESMOR NEW YORK STATE CORRECTIONAL FACILITIES, INC.;
ESMOR MANAGEMENT, INC; ESMOR MANHATTAN, INC;
ESMOR BROOKLYN, INC; ESMOR NEW JERSEY, INC;
JAMES SLATTERY; AARON SPEISMAN

Esmor Correctional Service Inc,
                        Appellant in (05-4007)


Esmor Correctional Services Corporation,
James F. Slattery, *Richard Staley,
*John Lima,Aaron Speisman,
                        Appellants in (03-3348)


*(Pursuant to Rule 12a F.R.A.P.)

_____


Appeal from the United States District Court for the District of New Jersey
(D.C. Civil Action No. 98-cv-01282)
District Judge: Honorable Dickinson R. Debevoise

_____


Submitted Under Third Circuit LAR 34.1(a)
November 15, 2005

Before: BARRY, and AMBRO, <u>Circuit Judges</u>
POLLAK*, <u>District Judge</u>

(filed: January 27, 2006 )

_____


OPINION

_____


*Honorable Louis H. Pollak, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

3

AMBRO, Circuit Judge

Three related cases comprise this appeal: the Brown Class Action, *Brown v. Esmor Corr. Servs., Inc.*, 98 Civ. 1282; the Jama Action, *Jama v. INS,* 97 Civ. 3093*;* and the DaSilva Action*, DaSilva v. Esmor Corr. Servs., Inc.*, 96 Civ. 3755. Esmor Correctional Services, Inc. (Esmor) appeals the order of the District Court modifying a class action notice order to extend the deadline for opting out of the Brown class for plaintiffs in the Jama and DaSilva Actions. *DaSilva v. Esmor Corr. Serv., Inc.*, 215 F.R.D. 477 (D.N.J. 2003). Plaintiffs in the DaSilva Action appeal a separate order of the District Court denying their motion for reconsideration of the dismissal of their complaint. Additionally, plaintiffs in the Jama Action assert that Esmor's appeal is frivolous such that the Jama Action counsel are entitled to fees and costs under Fed. Rule App. P. 38. For the reasons below, we affirm the District Court's decisions to extend the opt-out period and deny reconsideration of the DaSilva Action complaint dismissal, and we hold that Esmor's appeal was not frivolous.[1]

## I     Factual and Procedural History

As we write for the parties, only a brief summary of pertinent facts is necessary. In

---

[1]Judge Barry previously served as a Judge on the United States District Court for the District of New Jersey. During that tenure, the DaSilva Action was assigned to her from August 7, 1996 to October 23, 1998, when it was reassigned to Judge Debevoise. All hearings and orders during that time period came before Magistrate Judge Chesler and there is no evidence in the record that Judge Barry ever heard or decided any issues in the action. In this context, there is no need for recusal.

the mid-1990s the U.S. Immigration and Naturalization Service (INS)[2] contracted with Esmor to operate an INS detention center in Elizabeth, New Jersey. The allegedly abusive and inhumane conditions at that facility generated the three lawsuits at issue in this appeal. The three cases were consolidated for discovery purposes.

In March 1999, the District Court signed an order setting notice to the class in the Brown Action. It provided, *inter alia*, that notice to the class should be mailed May 1, 1999, and requests for exclusion from the class should be postmarked no later than June 1, 1999. Accordingly, notice was sent to 1,172 of the 1,625 potential class members for whom information was available. Nine hundred twenty-two of those notices were returned as undeliverable. The difficulty in locating and communicating with putative class members was due in part to the dispersion of former detainees of the Esmor facility; some detainees were sent to other INS facilities and others were deported to locations where telephone and postal services were unreliable. No requests for exclusion were submitted by the initial June 1, 1999 opt-out deadline.

Over the next three years, while discovery for all three cases progressed, a number of actions relevant to the opt-out period occurred. In July, November, and December 1999, Jama Action counsel sent letters to Brown class counsel identifying individual plaintiffs in the Jama Action who wished to opt out of the Brown class. In November

---

[2] Effective March 1, 2003, the INS ceased to exist and its functions were transferred to the Department of Homeland Security ("DHS").

1999, a conference of counsel for all three actions was held before a Magistrate Judge and resulted in an order modifying the initial class notice order and resetting the last date for opting out of the Brown Class Action for February 7, 2000. That order also required the submission of opt-out forms for the remaining Jama and DaSilva Action plaintiffs at a date to be set in the future. In March 2003, another order was issued by a new Magistrate Judge to whom the case had been transferred, giving effect to the opt-outs of Jama Action plaintiffs identified in the letters from Jama counsel and resetting the opt-out deadline for February 20, 2003, ironically a date that had already passed. Neither order issued by the Magistrate Judges was ever appealed, though both the Brown class and Esmor continued to contend that there had been no valid opt-outs from the Brown class.

Apparently in an effort to resolve the dispute over the effectiveness of the opt-outs, the Jama Action plaintiffs moved in the District Court for an order declaring that the 1999 and 2003 Magistrate Judges' orders properly implemented the initial class notice order for opt-outs from the Brown class, and effectively set the deadline for the submission of opt-out forms. The District Court granted the motion, holding that requests for exclusion by Jama and DaSilva Action plaintiffs from the Brown class were effective if they were provided to counsel for the Brown class on or before March 20, 2003. "Without limiting the generality of the foregoing," the Court went on to identify ten individual Jama Action plaintiffs as having validly opted out of the Brown class. It is the extension of the opt-out period from the June 1, 1999 deadline that Esmor appeals.

6

The deadline for DaSilva Action plaintiffs to opt out was later extended again by the District Court to July 23, 2003; however, no DaSilva Action plaintiff made a request for exclusion by that date. The Court subsequently granted a motion by Esmor to dismiss the DaSilva Action complaint and the DaSilva Action plaintiffs became part of the Brown class. The DaSilva Action plaintiffs moved for rehearing, the District Court denied the motion, and they appeal that ruling.

## II    Discussion[3]

### A.    Extension of the opt-out deadline

"We review the District Court's modification of its own order establishing a deadline for abuse of discretion." *In re Cendant Corp. Prides Litig.*, 233 F.3d 188, 192

---

[3]At the time of Esmor's appeal, the District Court's order extending the opt-out deadline was an interlocutory order and this Court accordingly lacked jurisdiction. The jurisdictional defect was cured when the District Court entered a final judgment approving the settlement between the Brown Class Action plaintiffs and Esmor. *Brown v. Esmor Corr. Serv., Inc.*, 2005 WL 1917869 (Aug. 10, 2005). "[A] premature appeal taken from an order which is not final but which is followed by an order that is final may be regarded as an appeal from the final order in the absence of a showing of prejudice to the other party." *Richerson v. Jones*, 551 F.2d 918, 922 (3d Cir. 1977); *see also 2-J Corp. v. Tice*, 126 F.3d 539, 541 (3d Cir. 1997). The Jama Action plaintiffs are not prejudiced by our decision to hear Esmor's appeal because we affirm the District Court's order extending the opt-out period.

Jama Action plaintiffs additionally assert that even if the District Court's order in the Brown Class Action is a final judgment, the pendency of the Jama Action deprives us of jurisdiction under *Bergman v. City of Atlantic City*, 860 F.2d 560, 566 (3d Cir. 1988) (holding "where two actions have been consolidated for discovery and trial or for all purposes, . . . an order concluding one of the consolidated cases should not be considered final and appealable"). *Bergman* is not controlling in this context, however, as the Jama, DaSilva, and Brown Actions were consolidated for discovery purposes only.

7

(3d Cir. 2000) (citation omitted); *see also In re Cendant Corp. Prides Litig.*, 311 F.3d 298, 300 (3d Cir. 2002) (reviewing District Court's decision regarding late registration in class); *accord In Re Vitamins Antitrust Class Actions*, 327 F.3d 1207, 1209 (D.C. Cir. 2003) (reviewing District Court's order allowing belated opt-out for abuse of discretion). We will not disturb an exercise of discretion "unless there is a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Hanover Potato Prods., Inc. v. Shalala*, 989 F.2d 123, 127 (3d Cir. 1993) (internal quotation marks and citation omitted).

Esmor argues that, when considering the opt-out deadline, the District Court improperly substituted the applicable "excusable neglect" standard with a more indefinite equitable inquiry. Indeed, courts typically analyze "late claims in class actions under the rubric of whether the claimant has shown 'excusable neglect.'" *In re Orthopedic Bone Screw Products Liab. Litig.*, 246 F.3d 315, 321 (3d Cir. 2001). However, a principle that applies more expansively than the specific test for excusable neglect is that "[i]n class actions, courts have equitable powers to manage the litigation in order to promote judicial economy and fairness to litigants." *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 313 (3d Cir. 2003) (reopening opt-in period for a reasonable period of time to allow additional notice to all eligible plaintiffs). As our Court has observed,

> [s]ettlement administration in a complex class action often requires courts to use their equitable powers under Rule 23 to manage the disparate interests competing over a finite pool of assets with which to satisfy the class. As stated in the Manual for Complex Litigation, '[t]he equitable powers of the court may be invoked to

8

deal with other problems that commonly arise during administration of the settlement.' Manual for Complex Litigation (Third) § 30.47 (1995).

*In re Orthopedic Bone Screw*, 246 F.3d at 321.

The District Court was engaged for over six years in the administration of a complex class action that required, in addition to the traditional fiduciary duties of the court to a class, careful consideration of two consolidated individual actions. The Court did not abuse its discretion in exercising its equitable powers to manage its own docket and extend the opt-out deadline when the Court found that: the initial class notice order was the product of an agreement between counsel for the Brown class and Esmor, made without consulting counsel for the Jama or DaSilva Actions; the initial one-month period for opting out was "grossly inadequate" in light of the near impossibility of communicating with the dispersed plaintiffs; most notices to class members were returned as undeliverable; the Brown class did not include a sophisticated or institutional plaintiff who could serve as a lead class plaintiff; and there were no objections to, and all counsel acquiesced in, the Magistrate Judges' orders extending the initial opt-out deadline.

"We recognize that deadlines are an integral component of effective consolidation and management of the modern mass tort class action. Yet rigid and unquestioned adherence to such limitations belies principles of equity and the court's role as a fiduciary in class actions . . . ." *In re Orthopedic Bone Screw*, 246 F.3d at 316 (internal citation omitted). It was hardly an abuse of discretion for the District Court to decline to give "rigid and unquestioned adherence" to the initial class notice order when it considered the

9

circumstances in their entirety, including the conduct of counsel, and determined that "elemental justice" required an extension of the opt-out deadline.

B.    Denial of rehearing on the dismissal of the DaSilva Action complaint.

We review a district court's denial of a motion for reconsideration for abuse of discretion. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 673 (3d Cir. 1999).[4] "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985). A judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available previously; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café*, 176 F.3d at 677.

DaSilva Action plaintiffs do not allege any intervening change in the law, present any new evidence, nor allege manifest injustice, but merely restate the argument that their opt-outs were effective. Moreover, a review of the record demonstrates that the decision to dismiss the DaSilva Action complaint was completely proper, as counsel for that Action never turned in any opt-out forms, even after the District Court reset the deadline for July 23, 2003. Accordingly, the District Court did not abuse its discretion in denying

---

[4]Because the denial of a motion for reconsideration of a decision to dismiss a complaint is a final judgment, we have jurisdiction under 28 U.S.C. § 1291.

10

the motion for reconsideration in the DaSilva Action.

C.     Frivolous appeal.

Counsel for the Jama Action plaintiffs assert an entitlement to fees and costs incurred in responding to Esmor's allegedly frivolous appeal under Fed. R. App. P. 38, which states that "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee."). "An appeal is frivolous if it is wholly without merit." *Quiroga v. Hasbro, Inc*., 943 F.2d 346, 347 (3d Cir. 1991). "This court has been reluctant to classify appeals as frivolous," and has reserved awards of fees and costs for extreme cases where appeals were without doubt devoid of merit. *Hilmon Co. (V.I.) Inc. v. Hyatt Intern*., 899 F.2d 250, 253 (3d Cir. 1990) (appeal was frivolous when it ignored contrary case law, "offered no colorable argument," and constituted a "nearly incomprehensible argument."); *see also, e.g., Beam v. Bauer,* 383 F.3d 106, 108 (3d. Cir. 2004) (appeal was frivolous when it "contained nothing of substance or merit").   Although we conclude that the District Court's decision to extend the opt-out deadline survives review under the abuse of discretion standard, it is a considerable stretch to say Esmor's appeal is "wholly without merit."  An award of damages or costs under Fed. R. App. P. 38 is therefore not warranted.

\*     \*     \*     \*     \*

For the reasons provided above, we affirm the District Court's orders extending

the opt-out period and denying the DaSilva Action plaintiffs' motion for reconsideration, and we decline to award damages or costs to the counsel for the Jama Action plaintiffs under Fed. R. App. P. 38.