**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1477
_____

MARLENE S. MILLER

v.

POCONO RANCH LANDS PROPERTY OWNERS ASSOCIATION INC., and its
President; KATHLEEN SIMONCIC, and its Treasurer and Member; ROY
BORGFIELD, and its board member and its Secretary; PAUL D. MENDITTO, and its
Community Manager; DAVID CAVANAUGH; LEHMAN TOWNSHIP PLANNING
COMMISSION, and its Chairman; RICHARD C. VOLLMER, in their official capacity
only

Marlene S. Miller, and
*Maria Grusha-Manta, a/k/a Mary Motidai Goriah,
Appellants

*(Pursuant to F.R.A.P. 12(a))
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-11-cv-00317)
District Judge:  Honorable Joel H. Slomsky
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 20, 2014

Before:  FUENTES, GREENBERG and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed February 21, 2014)
_____

OPINION
_____

PER CURIAM

Pro se appellant Marlene Miller appeals the District Court's order dismissing her third amended complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. We have jurisdiction under 28 U.S.C. § 1291 and exercise a plenary standard of review. See Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). For the reasons set forth below, we will affirm the District Court's judgment.

This case concerns a land dispute. In 2010, Miller acquired a parcel of property from her aunt, Maria Grusha. That property is located within the Pocono Ranch Lands Property Owners Association Inc. ("the Association"). Miller's third amended complaint — the operative complaint in this appeal — alleges that the Association, the individuals who control it, and certain Lehman Township officials (collectively, "the defendants") have acted improperly in the following ways: (1) they have failed to recognize that Miller's property is deeded commercial, not residential; (2) they have sent fee and assessment bills to her[1]; (3) they denied her request for a variance that would have allowed her to use the property for commercial purposes; and (4) by placing an easement on the property and refusing to allow her to use the property for commercial purposes, they have effectively taken the property. Based on these allegations, she asserted numerous federal and state claims.

The defendants filed motions to dismiss the third amended complaint pursuant to Fed. R. Civ. P. 12(b)(6), and in a thorough report and recommendation, a Magistrate

_____

[1] It appears that the Association charges property owners for items like road maintenance

2

Judge recommended that the District Court grant those motions and dismiss the complaint. The District Court adopted that report and recommendation and dismissed the action. Miller then filed a timely notice of appeal to this Court.

We agree in full with the District Court's disposition of this case. As an initial matter, the Court was correct to hold that Miller, as a pro se plaintiff, is not permitted to represent Grusha in this action. See Lazaridis v. Wehmer, 591 F.3d 666, 672 (3d Cir. 2010). This same prohibition prevents her from representing her late uncle's estate. See Malone v. Nielson, 474 F.3d 934, 937 (7th Cir. 2007) (per curiam). The District Court thus did not err in dismissing those claims that Miller purported to assert on behalf of others, although we stress that the dismissal as to these claims is without prejudice. See, e.g., Berrios v. N.Y.C. Hous. Auth., 564 F.3d 130, 135 (2d Cir. 2009). Further, since Grusha herself did not participate in the action before the District Court, she is not a proper party in this appeal. See United States v. Stoerr, 695 F.3d 271, 275-76 (3d Cir. 2012). Accordingly, we will consider only Miller's claims.

Miller first argues that the defendants violated her rights under 42 U.S.C. §§ 1981 and 1982. However, as the District Court noted, these statutes outlaw racial discrimination. See Brown v. Philip Morris Inc., 250 F.3d 789, 797 (3d Cir. 2001). Miller has not alleged that she is a racial minority or that the defendants' alleged misconduct was racially motivated. Therefore, the District Court properly dismissed these claims. See id.

and public-safety services.

3

Miller's claim under 42 U.S.C. § 1985(3) suffers from a similar infirmity. To state a claim under § 1985(3), the "claimant must allege some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Farber v. City of Paterson, 440 F.3d 131, 135 (3d Cir. 2006) (quotation marks omitted). As noted above, Miller has not alleged racial discrimination; further, she has not identified any other class to which she belongs that is cognizable under § 1985. See id. at 136. Thus, the District Court was also correct to dismiss this claim.

Miller further asserts several claims under 42 U.S.C. § 1983; as the District Court concluded, none of these claims has merit. First, Miller contends that the defendants, in denying her request for a variance, violated her procedural-due-process rights. To state a procedural-due-process claim, Miller must show, among other things, that the state "procedures available to [her] did not provide due process of law." Hill v. Borough of Kutztown, 455 F.3d 225, 234 (3d Cir. 2006) (quotation marks omitted). However, Pennsylvania affords a full judicial mechanism for an aggrieved landowner to challenge the decision to deny a variance. See, e.g., DeFilippo v. Cranberry Twp. Bd. of Supervisors, 49 A.3d 939, 941-42 (Pa. Commw. Ct. 2012). We have held that these procedures provide due process, which is fatal to Miller's claim. See Rogin v. Bensalem Twp., 616 F.2d 680, 694-95 (3d Cir. 1980).

Miller also contends that the defendants violated her substantive-due-process rights. This claim likewise fails as a matter of law. To state a substantive-due-process claim in a land-use case, the plaintiff must show that the defendants' conduct "shocks the conscience." Eichenlaub v. Twp. of Indiana, 385 F.3d 274, 285 (3d Cir. 2004). We have

4

previously concluded that claims similar to Miller's — such as that the defendants applied zoning requirements unfairly, pursued unnecessary enforcement actions, and delayed permits and approvals — failed to satisfy this standard. See id. at 286. Thus, we will affirm the District Court's dismissal of this claim.

In Miller's final § 1983 claim, she argues that, by placing a restrictive easement on the property and refusing to allow her to use the property for commercial purposes, the defendants have taken the property under the Fifth Amendment. However, "[a] plaintiff must first seek compensation through the procedures the State has provided for doing so before asserting a federal takings claim." Chainey v. Street, 523 F.3d 200, 222 (3d Cir. 2008). Miller has admittedly not done so, and as a consequence, this claim is not yet ripe for our review. See id. at 222-23.

Finally, Miller claims that the defendants violated the civil RICO statute. See 18 U.S.C. § 1962(c). In order to state a RICO claim, Miller must plausibly allege the following elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985) (footnote omitted). In order to have standing to litigate a civil RICO claim, a plaintiff must show that she suffered an injury to her business or property and that the injury was proximately caused by the defendant's racketeering activities. See, e.g., Maio v. Aetna, Inc., 221 F.3d 472, 483 (3d Cir. 2000).

There are a few problems with Miller's RICO claim. First, her allegations concerning the defendants' alleged misconduct are vague and conclusory, and are simply insufficient to state a valid RICO claim. See, e.g., Lum v. Bank of Am., 361 F.3d 217,

5

223-24 (3d Cir. 2004). Moreover, Miller has not pleaded that she suffered the requisite injury to her business or property. While Miller alleges that Grusha was injured, a plaintiff cannot sustain a RICO claim based on "harm flowing merely from the misfortunes visited upon a third person by the defendant's acts." Brokerage Concepts, Inc. v. U.S. Healthcare, Inc., 140 F.3d 494, 521 (3d Cir. 1998) (quotation marks omitted). Further, although Miller contends that the defendants committed mail or wire fraud by sending assessment bills to her, Miller also asserts that she knew, even before she owned the property, that these bills were unwarranted; it does not appear that she has ever made any payment on them. Thus, Miller cannot establish either that the defendants committed fraud or that she suffered an injury. See Ideal Dairy Farms, Inc. v. John Labatt, Ltd., 90 F.3d 737, 746-47 (3d Cir. 1996).[2]

Appellees, for their part, ask us to impose damages and costs for the filing of a frivolous appeal under Federal Rule of Appellate Procedure 38. An appeal is deemed frivolous if it is "wholly without merit." Quiroga v. Hasbro, Inc., 943 F.2d 346, 347 (3d Cir. 1991). While Rule 38 damages might be appropriate if Miller had filed this appeal with the aid of counsel, "an unrepresented litigant should not be punished with damages for [her] failure to appreciate legal subtleties in legal arguments." Beam v. Bauer, 383 F.3d 106, 109 (3d Cir. 2004). Accordingly, we will not impose damages against Miller; we will, however, tax costs against her under Federal Rule of Appellate Procedure 39(a)(2).

---

[2] Having dismissed Miller's federal claims, the District Court acted within its discretion in declining to exercise supplemental jurisdiction over her state-law claims. See 28

We will therefore affirm the District Court's judgment. Appellees' Rule 38 motion is denied. Miller's request for a jury trial is denied.

U.S.C. § 1367(c)(3); <u>Figueroa v. Buccaneer Hotel Inc.</u>, 188 F.3d 172, 181 (3d Cir. 1999).