NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3419
_____

MARK E. HIBBERT, SR.,
                              Appellant

v.

BELLMAWR PARK MUTUAL HOUSING CORPORATION,
a New Jersey Corporation; PAT LEVINS; BOB MCCORMICK
_____

On Appeal from United States District Court
for the District of New Jersey
(D. N.J. No. 1-10-cv-05386)
District Judge:  Honorable Noel L. Hillman
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 15, 2015

Before:  FISHER, CHAGARES and JORDAN, *Circuit Judges*.

(Filed: October 5, 2015)
_____

OPINION*
_____

FISHER, *Circuit Judge*.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Mark Hibbert appeals the District Court's order granting summary judgment in favor of the Defendants-Appellees on Hibbert's claims for breach of contract and violations of the Fair Housing Act and the New Jersey Law Against Discrimination. We will affirm.

## I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts that are necessary to our analysis.

Mark Hibbert ("Hibbert"), who is deaf, was a resident of Bellmawr Park Mutual Housing Corporation ("Bellmawr Park"), a non-profit corporation that provides low-cost housing in southern New Jersey. Bellmawr Park owns the housing project in which Hibbert lived but does not sell or rent residences. Instead, residents enter into a "Mutual Ownership Contract" with Bellmawr Park by which they agree to pay low monthly payments in exchange for a right of perpetual use of dwellings. A resident may surrender the dwelling back to Bellmawr Park and may sell any improvements he made to the dwelling.

Hibbert grew up in Bellmawr Park, and, in 2003, acquired his own residence. In 2009, Hibbert expressed an intent to surrender his interest in his residence. He planned to move to Maine with his wife and children. On December 1, 2009, Hibbert met with the Bellmawr Park Board of Trustees to discuss his intent to terminate his membership in

2

Bellmawr Park. Hibbert's teenage son, who is not deaf, attended the meeting and served as an interpreter for his father. The manager of Bellmawr Park, Pat Levins ("Levins"), another Defendant in this action, also attended the meeting.

After the meeting, Levins contacted Defendant Robert McCormick ("McCormick"), who had previously submitted an application to Bellmawr Park. McCormick and Hibbert then had several communications (with Hibbert's son again serving as interpreter) about the sale of the property. During this time, Hibbert began taking the necessary steps to purchase a mobile home property in Maine. Hibbert executed an agreement to purchase the Maine property in February 2010. On March 7, 2010, Hibbert received a check for $20,000 from McCormick, which he promptly deposited in his bank account. That same day, Hibbert and his wife hired a moving truck and moved out of Bellmawr Park. On March 8, 2010, Hibbert attended a closing for the Maine property and used $17,000 of the money he had received from McCormick to cover costs at the closing.

Hibbert claims he was evicted and forced to move out of his New Jersey home on March 7, 2010, and that the Appellees took advantage of his disability and engaged in a scheme to acquire his property. At issue on this appeal are three counts against Bellmawr Park, Levins, and McCormick for breach of contract and for violations of the New Jersey

3

Law Against Discrimination ("NJLAD")[1] and the Fair Housing Act ("FHA").[2] The District Court granted summary judgment on all three counts.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367. We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's order granting summary judgment, and we apply the same standard as the District Court.[3] We review the record in the light most favorable to the nonmovant.[4] We will affirm summary judgment if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.[5]

## III.

### A.

Under New Jersey law, a breach of contract claim requires a plaintiff to prove the following: "(1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations."[6] Hibbert asserts that Bellmawr Park breached the Mutual Ownership Contract by removing him from the Bellmawr Park property in March 2010. The District

---

[1] *See* N.J. Stat. Ann. § 10:5-12(g)(2).
[2] *See* 42 U.S.C. § 3604(f)(2)(A).
[3] *Blunt v. Lower Merion Sch. Dist.,* 767 F.3d 247, 265 (3d Cir. 2014).
[4] *Id.*
[5] Fed. R. Civ. P. 56(a).
[6] *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007).

Court noted that the Mutual Ownership Contract constituted a valid contract. The two relevant provisions of that contract provide that Bellmawr Park must allow a resident such as Hibbert to peaceably use and enjoy his property without interference as long as he remains a member of the complex and pays his rent.

The District Court concluded—and we agree—that Hibbert failed to present sufficient evidence from which a jury could conclude that Bellmawr Park interfered with Hibbert's peaceful use and enjoyment of his property. Hibbert did not present sufficient facts showing that Bellmawr Park coerced him into leaving his property. To the contrary, the record reflects that Hibbert voluntarily left his New Jersey property to move into the Maine property: before moving out of the New Jersey residence, he signed an agreement of sale to purchase a property in Maine; he received $20,000 from McCormick for the improvements on the New Jersey property; he used most of that $20,000 to cover closing costs related to his purchase of the Maine property; he attended a closing on March 8, 2010, at which he signed the closing documents; and he moved into the newly acquired Maine property immediately after closing.

The District Court denied the initial motion for summary judgment on the breach of contract claim in part because Hibbert had never disclosed his purchase of the Maine property. The District Court noted in its denial of that first summary judgment motion that the factual record was unclear about the events leading up to Hibbert's vacating the New Jersey premises—on the record at that time, it could not rule out the possibility that

5

a reasonable jury could find that Bellmawr Park and Levins created, or at least contributed to, circumstances in which Hibbert felt coerced to leave. The District Court reached this conclusion based on Hibbert's testimony that he felt overwhelmed and confused about the events surrounding his vacating the New Jersey residence; that he did not understand why he had been given a check for $20,000; and that he had no intention of moving to Maine.

During a period of supplemental discovery, however, the facts of Hibbert's purchase of the Maine property came to the surface. The District Court granted the second motion for summary judgment on the breach of contract claim because the factual record, as supplemented, showed that Hibbert had intended to move to Maine and that he had used most of the $20,000 he received from McCormick to purchase the Maine property. These newly discovered facts, coupled with the absence of evidence of coercion by the Defendants, led the District Court to determine that no reasonable jury could conclude that Bellmawr Park and Levins breached their contract with Hibbert. We agree and will therefore affirm summary judgment on this claim.

B.

The remaining two issues on appeal relate to Hibbert's claims under the FHA and NJLAD. Because Hibbert failed to address these issues on appeal, he has waived them.[7] Hibbert's recitation of these issues in the Statement of the Issues section of his brief is insufficient because he failed to present any argument in support of them.[8] We will therefore affirm the District Court's order granting summary judgment on the FHA and NJLAD claims.

C.

The Appellees have also filed motions for damages and costs pursuant to Federal Rule of Appellate Procedure 38 for the filing of a frivolous appeal. Bellmawr Park and Levins cite the following in support of their motion: in his opening (and only) brief, Hibbert failed to cite to the record, filed a defective appendix, alleged facts not in the

---

[7] *See Skretvedt v. E.I. DuPont De Nemours*, 372 F.3d 193, 202–03 (3d Cir. 2004) ("We have held on numerous occasions that an issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue will not suffice to bring that issue before this court." (internal quotation marks and alteration omitted)).

[8] *See Kost v. Kozakiewicz,* 1 F.3d 176, 182 (3d Cir. 1993) ("[U]nder Federal Rule of Appellate Procedure 28(a)(3) and (5) and Third Circuit Local Appellate Rule 28.1(a), appellants are required to set forth the issues raised on appeal and to present an argument in support of those issues in their opening brief. It is well settled that if an appellant fails to comply with these requirements on a particular issue, the appellant normally has abandoned and waived that issue on appeal and it need not be addressed by the court of appeals." (internal citations omitted)); *see also Free Speech Coal., Inc. v. Attorney Gen.*, 677 F.3d 519, 545 (3d Cir. 2012) (affirming the district court's dismissal of claims because "[p]laintiffs did not include any argument with respect to these claims or otherwise explain how the District Court erred in dismissing them" and had therefore "abandoned any issues with respect to these claims").

record, and failed to brief issues related to the NJLAD and FHA claims. An appeal is frivolous if it is "wholly without merit."[9] As this appeal relates to Bellmawr Park and Levins, we cannot conclude that it was "'utterly without basis in law or in fact' and, accordingly, an award of damages and costs pursuant to Federal Rule of Appellate Procedure 38 is unwarranted."[10] The request for damages and costs by Bellmawr Park and Levins is therefore denied.

As to McCormick, however, the Rule 38 motion will be granted for the following reasons. The only issue briefed by Hibbert on appeal pertained to the breach of contract claim, and it is undisputed that McCormick was not a party to that contract. Further, Hibbert has made no argument that McCormick interfered with that contract other than to assert that McCormick paid him $20,000. In fact, Hibbert has made no arguments to justify McCormick's being a party to this appeal, and the appeal as it relates to McCormick is thus utterly without basis in law or fact. McCormick's motion for damages and costs is therefore granted.[11]

## IV.

We agree with the District Court that Hibbert has not pointed to any evidence which creates a genuine dispute of a material fact concerning his breach of contract

---

[9] *Quiroga v. Hasbro, Inc.,* 943 F.2d 346, 347 (3d Cir.1991).

[10] *Agostini v. Piper Aircraft Corp.*, 729 F.3d 350, 356 (3d Cir. 2013) (quoting *Quiroga*, 943 F.2d at 347).

[11] McCormick is hereby directed to follow the procedures outlined in Federal Rule of Appellate Procedure 39(d) to have the amount of damages and costs liquidated.

claim. Further, Hibbert has waived his claims for violations of the FHA and NJLAD. Accordingly, we will affirm the District Court's order granting summary judgment to the Appellees. Finally, because this appeal was frivolous as it related to McCormick, we will grant McCormick's motion for damages and costs pursuant to Federal Rule of Appellate Procedure 38.