FILED
United States Court of Appeals
Tenth Circuit

**February 4, 2011**

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

SHAABAN SHAABAN HAFED,

Plaintiff-Appellant,

v.

FEDERAL BUREAU OF PRISONS;
MICHAEL MUKASEY; HARLEY
LAPPIN; RON WILEY; ROD
BAUER, sued in their official
capacities,

Defendants-Appellees.

Nos. 09-1090 & 09-1365
(D.C. No. 1:07-CV-01499-ZLW-KMT)
(D. Colo.)

---

**ORDER**

---

Before **BRISCOE**, Chief Judge, **TACHA** and **BALDOCK**, Circuit Judges.

These matters are before the court on appellant's motions filed in

No. 09-1365 on January 18 and 24, 2011: "Motion for extension of time till

Sept. 1, 2011 to pay required appeal fee. . ."; "Motion for Protective Order to

spare the Appellant's life if this appeal will be dismissed"; "Urgent! Motion for

reconsider erroneous . . . court order issued on 12-28-2010. . ."; "Urgent Motion

for Protective order to spare appellant's life after dismissal of this appeal. . .";

and "Urgent Motion for request to allow appellant to contact his foreign consuls. . . ."

Appellant's motion for an extension of time to pay the filing fee in No. 09-1365 is GRANTED. The other motions are DENIED. The entire filing fee for No. 09-1365 must be paid no later than September 1, 2011. Appellant's failure to pay the filing fee as directed will result in the dismissal of No. 09-1365 for failure to prosecute, and the dismissal of No. 09-1090 as moot. *See Young v. Miller*, 144 F.3d 1298, 1298-99 (10th Cir. 1998).

Upon our own motion, we have determined that our December 28, 2010, published order should be revised. Accordingly, the court WITHDRAWS the published order issued on December 28, 2010, and SUBSTITUTES an amended published order filed this date. A copy of the amended published order is attached to this order. The clerk is directed to file this order forthwith.

Entered for the Court,

ELISABETH A. SHUMAKER, Clerk

-2-

FILED
United States Court of Appeals
Tenth Circuit

February 4, 2011

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

| | |
|---|---|
| SHAABAN SHAABAN HAFED, | |
| Plaintiff-Appellant, | |
| v. | Nos. 09-1090 & 09-1365 |
| | (D.C. No. 1:07-CV-01499-ZLW-KMT) |
| FEDERAL BUREAU OF PRISONS; MICHAEL MUKASEY; HARLEY LAPPIN; RON WILEY; ROD BAUER, sued in their official capacities, | (D. Colo.) |
| Defendants-Appellees. | |

_____

**ORDER**

_____

Before **BRISCOE**, Chief Judge, **TACHA** and **BALDOCK**, Circuit Judges.

_____

**BRISCOE**, Chief Judge.

_____

Appellant Shaaban Shaaban Hafed[1] is a federal prisoner appearing in this court pro se, and seeking to proceed in forma pauperis (ifp). These appeals present us with the opportunity to clarify what counts as a "strike" under the Prison Litigation Reform Act (PLRA) for purposes of future ifp eligibility, and when, in the sequence of litigation, that the strike can be counted. In *Jennings*, we addressed dismissals under 28 U.S.C. § 1915(e)(2)(B), but did not decide whether a district court's dismissal subsequent to screening under 28 U.S.C. § 1915A should count as a strike. *See generally Jennings v. Natrona Cnty. Det. Ctr. Med. Facility*, 175 F.3d 775 (10th Cir. 1999). We now hold that a dismissal under 28 U.S.C. § 1915A counts as a strike when the action was dismissed as frivolous, malicious, or for failure to state a claim, the same grounds listed in 28 U.S.C. § 1915(g). As regards when a strike ripens and can be counted, a strike counts against a prisoner from the date of the Supreme Court's denial or dismissal of a petition for writ of certiorari, if the prisoner filed one, or from the date when the time to file a petition for writ of certiorari expired, if he did not. And if the

---

[1] Appellant was convicted under the name "Shaaban Hafiz Ahmad Ali Shaaban" of acquiring American citizenship by fraud, using the name Shaaban Shaaban Hafed. *See* Aplee. Br. at 1, n.1; *United States v. Shaaban*, 252 F. App'x 744, 745 (7th Cir. 2007), *cert. denied sub nom. Hafed v. United States*, 129 S. Ct. 584 (Nov. 10, 2008), *reh'g denied*, 129 S. Ct. 1408 (Feb. 23, 2009). We note that appellees do not concede that "Shaaban Shaaban Hafed" is appellant's real name. *See* Aplee. Br. at 1, n.1.

prisoner did not file a direct appeal in a circuit court, a district court's dismissal counts as a strike from the date when his time to file a direct appeal expired.

In No. 09-1365, Hafed appeals from the district court's August 5, 2009, final order dismissing his first amended civil rights complaint with prejudice as a sanction for his noncompliance with the magistrate judge's order to provide his deposition. In No. 09-1090, he appeals from the district court's February 11, 2009, interlocutory order overruling his objections to the magistrate judge's orders striking three of his motions for preliminary injunctive relief and denying a motion for reconsideration.

Having reviewed appellant's numerous dismissals from this court and other courts, we conclude that he had three strikes countable in this court at the time he filed No. 09-1365.[2] Therefore, appellant is barred by the "three strikes rule," which requires prepayment of the entire filing fee in No. 09-1365 before we would consider it, unless he had made credible allegations that he was in "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). We conclude that appellant has not met this condition precedent, and that he must prepay the filing fee before we will address the merits of his appeal in No. 09-1365. *See Dubuc v. Johnson*, 314 F.3d 1205, 1207-10 (10th Cir. 2003). If

---

[2] At the time appellant filed No. 09-1090, he had one strike in this court. We note in the discussion that follows, however, that prior to the filing of his appeal in No. 09-1365, appellant accrued two additional strikes, thereby qualifying appellant for the "three strikes" rule.

he does not pay the fee and we do not reach the merits of his challenge to the dismissal with prejudice of his first amended complaint, then No. 09-1090, challenging an interlocutory order, will become moot.

## I. "Strikes" under 28 U.S.C. § 1915(g)
### A. Evaluation of Countable Strikes

Under the PLRA, prisoners obtain a "strike" against them for purposes of future ifp eligibility when their "action or appeal in a court of the United States . . . was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. . . ." 28 U.S.C. § 1915(g). "[T]he 'three strikes' provision of the ifp statute applicable to indigent prisoners[] requires so-called 'frequent filer' prisoners to prepay the entire filing fee before federal courts may consider their civil actions and appeals." *Kinnell v. Graves*, 265 F.3d 1125, 1127 (10th Cir. 2001) (quotation omitted). To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make "specific, credible allegations of 'imminent danger[.]'" *Id.* at 1127-28 (quoting § 1915(g)). Appellant has filed numerous civil rights cases in several district courts, numerous civil appeals in several circuit courts, and nine petitions for writ of certiorari (at this counting) in civil cases in the Supreme Court. Many of these filings resulted in dismissals, and we have reviewed them for strikes under Tenth

-4-

Circuit law.  We conclude that appellant had three clear strikes when he filed

No. 09-1365 in this court in August 2009.[3]

We set out some basic rules about strikes in *Jennings*, 175 F.3d at 780-81.

When an action or appeal is dismissed as frivolous, as malicious, or for failure to

state a claim under 28 U.S.C. § 1915(e)(2)(B), the dismissal counts as a strike.

*See Jennings*, 175 F.3d at 777-78, 780-81.  In addition, we stated that "a

§ 1915(e)(2)(B) dismissal should not count against a litigant until he has

exhausted or waived his appeals."  *Jennings*, 175 F.3d at 780.  We now clarify

that a strike counts against a prisoner from the date of the Supreme Court's denial

or dismissal of a petition for writ of certiorari, if the prisoner filed one, or from

the date when the time to file a petition for writ of certiorari expired, if he did

not.[4]  *Cf. United States v. Burch*, 202 F.3d 1274, 1276-77 (10th Cir. 2000)

---

[3]     Three courts outside this circuit have denied appellant leave to proceed ifp
in civil cases on the basis that he had three strikes.  *See Shaaban v. Morrison*,
No. 10-2096, Doc. 7 (7th Cir. June 23, 2010) (caption on district court docket
sheet is *Hafed v. Morrison*, No. 1:10-cv-191-WTL-DML); *Hafed v. United States*,
No. 1:10-cv-191-WTL-DML, 2010 WL 1265892, at *1 n.1 (S.D. Ind. Mar. 25,
2010) (caption on district court docket sheet is *Hafed v. Morrison*); *Hafed v.
U.S. Court of Appeals, for the 7th Circuit*, 1:08-cv-06042, Doc. 6 (N.D. Ill.
Nov. 13, 2008).  Their orders are summary, however, and we cannot conclude
without further inquiry that the listed dismissals constitute strikes that count
against No. 09-1365 under Tenth Circuit law.  We also note that, on March 1,
2010, the Supreme Court imposed filing restrictions against appellant, requiring
him to prepay the filing fee in future noncriminal cases.  *See Hafed v. State of
Israel*, 130 S. Ct. 1692 (2010) (Mem.) (No. 09-8128).

[4]     We do not address whether or not the Supreme Court's dismissal of a
petition for writ of certiorari as frivolous or malicious under S. Ct. R. 39.8 counts

(continued...)

-5-

(rejecting Seventh Circuit's approach to use circuit's mandate date as date from which period of limitations for filing motion under 28 U.S.C. § 2255 runs to avoid possibility—even the unlikely possibility—of ruling on a habeas petition while the underlying conviction was on direct review in the Supreme Court).  And if the prisoner did not file a direct appeal in a circuit court, a district court's dismissal counts as a strike from the date when his time to file a direct appeal expired.

Having thus clarified the parameters of § 1915(g), we have examined appellant's filings which have been dismissed in order to determine whether these dismissals qualify as "strikes" for the purposes of the PLRA.  We have identified three dismissals that constitute strikes incurred before No. 09-1365 was filed: (1) the Southern District of Indiana's dismissal of appellant's complaint in *Hafed v. Brooks*, No. 06-cv-00005-RLY-TAB (S.D. Ind. Jan. 11, 2006); (2) the Southern District of Indiana's dismissal of appellant's complaint in *Hafed v. Government of the State of Israel*, No. 08-cv-00773-SEB-TAB (S.D. Ind. June 20, 2008); and (3) the Seventh Circuit's dismissal of appellant's appeal in *Hafed v. Government of the State of Israel*, No. 08-2744 (7th Cir. Jul. 11, 2008).

---

[4](...continued)
as a strike.

## i. First Strike

*Hafed v. Brooks* was a civil rights suit appellant filed against three federal prosecutors and an FBI agent in the Southern District of Indiana on January 3, 2006. *See* D.C. No. 06-cv-00005-RLY-TAB, Doc. 1. On January 11, the district court granted ifp and dismissed the case without prejudice under § 1915A(b) because appellant alleged facts showing that he had no claim, that is, because the complaint failed to state a claim. *See Brooks*, D.C. No. 06-cv-00005-RLY-TAB, Doc. 4, at 2. The court held that appellant could not use a civil rights action to challenge his criminal detention, that he failed to allege the defendants' personal participation in an alleged assault in prison, and that his claims alleging that the defendants violated his constitutional rights by causing him to be charged with a crime were premature under *Heck v. Humphrey*, 512 U.S. 477 (1994), because his criminal convictions had not been nullified. *Brooks*, D.C. No. 06-cv-00005, Doc. 4, at 2. In *Jennings*, we addressed whether dismissals under § 1915(e)(2)(B) should count as strikes, but we did not decide whether a district court's dismissal subsequent to screening under § 1915A should count as a strike. *See Jennings*, 175 F.3d at 778-79. We now hold that a dismissal under § 1915A counts as a strike when the action was dismissed as frivolous, malicious, or for failure to state a claim, the same grounds listed in § 1915(g).

The Southern District of Indiana's dismissal in *Brooks* satisfies the standard for a strike under § 1915A(b)(1) and § 1915(g). At the time appellant brought his

civil rights action in *Brooks*, he was "a prisoner . . . detained in any facility" within the meaning of § 1915(g). "The PLRA defines 'prisoner' as 'any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.'" *Merryfield v. Jordan*, 584 F.3d 923, 927 (10th Cir. 2009) (quoting 28 U.S.C. § 1915(h)). The docket sheet for appellant's criminal case shows that he was a detainee awaiting trial when he filed *Brooks* on January 3, 2006. *See United States v. Shaaban*, 1:05-CR-34-LJM-KPF-01 (S.D. Ind.), Doc. 1 (Nov. 16 & 18, 2005, entries showing appellant's remand to federal custody and arrest prior to trial in January 2006). As a result, the dismissal in *Brooks* may be counted as a strike under the plain language of § 1915(g). To the extent that the district court left it unclear that it considered all of the stated grounds for the dismissal in *Brooks* to be for appellant's failure to state a claim, we have previously upheld a dismissal of a prisoner's claims for damages on the basis that they were premature under *Heck* and failed to state a claim. *See Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1248, 1249 (10th Cir. 2007). Thus, in *Brooks*, the action was dismissed for failure to state a claim and was a strike. Because appellant did not appeal, the dismissal counts from March 13, 2006, when appellant's sixty days to appeal to the Seventh Circuit expired. *See Jennings*, 175 F.3d at 780; Fed. R. App. P. 4(a)(1)(B).

-8-

## ii.  Second Strike

*Hafed v. Government of the State of Israel* was a civil rights action filed by appellant in the Southern District of Indiana in June 2008.  *See* D.C. No. 1:08-cv-00773, Doc. 1.  The district court screened the complaint and dismissed it, ambiguously, under "§ 1915A(b)."  *Government of the State of Israel*, D.C. No. 1:08-cv-00773, Doc. 5, at 3.  The district court was not entirely clear as to the ground on which its dismissal was ultimately based, however.  The court set out all the standards that could apply—frivolousness under § 1915A(b)(1), suing an immune defendant under § 1915A(b)(2), and failure to state a claim under § 1915A(b)(1).  *Government of the State of Israel*, D.C. No. 1:08-cv-00773, Doc. 5, at 1.

The consideration of whether a dismissal based in part on 28 U.S.C. § 1915A(b)(2) because the defendant was immune from suit should count as a strike presents some complexity because that ground is not explicitly included in § 1915(g).  We have previously observed, however, that a complaint could properly be dismissed by a district court sua sponte as frivolous, if it was clear from the face of the complaint that the defendant was absolutely immune from suit and no further factual development was required.  *Yellen v. Cooper*, 828 F.2d 1471, 1476 (10th Cir. 1987).  Our determination that a particular dismissal constitutes a strike is not formalistic or mechanical; rather, we must consider the

nature of the dismissal and, if the district court did not make it clear, whether the dismissal fits within the language of § 1915(g).

We construe the Southern District of Indiana's order to mean that the immunity ground for dismissal was subsumed in frivolousness or appellant's failure to state a claim, because appellant *affirmatively asserted* facts showing that he could not meet the expropriation exception to Israel's immunity, so he had no "legally viable claim[.]" *See Government of the State of Israel*, D.C. No. 1:08-cv-00773, Doc. 5, at 3. We conclude that the district court's dismissal in *Government of the State of Israel* is based on grounds listed in both § 1915A(b)(1) and § 1915(g), and it therefore counts as a strike. This strike counts from May 26, 2009, when the Supreme Court dismissed appellant's petition for writ of certiorari. *See Hafed v. State of Israel*, 129 S. Ct. 2439 (2009) (Mem.) (No. 08-9403).

### iii. Third Strike

In addition, the Seventh Circuit dismissed appellant's appeal in *Hafed v. Government of the State of Israel*, No. 08-2744. That court first denied appellant's motion for leave to proceed ifp under *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000), that is, as frivolous. *See Government of the State of Israel*, No. 08-2744, Doc. 17. When appellant did not pay the filing fee, the Seventh Circuit dismissed the appeal for nonpayment. *See id.*, Doc. 19.

A circuit court's dismissal of an appeal on the ground of frivolousness would fall under § 1915(e)(2)(B)(i) and would count as a strike. *See Jennings*, 175 F.3d at 780-81. In *Government of the State of Israel*, however, the Seventh Circuit did not actually dismiss the appeal as frivolous, but for nonpayment of the filing fee, that is, for failing to prosecute the appeal. A dismissal for failure to prosecute would not necessarily be a strike because "[e]ach of the three categories of strikes in [§ 1915(g)] involves dispositions that look to the merits of the suit[, but] a dismissal for failure to prosecute is made without regard to the merits of the claim[.]" *Butler v. Dep't of Justice*, 492 F.3d 440, 442-44 (D.C. Cir. 2007) (holding, where there was no indication in the procedural history that the court had held that the five prior appeals dismissed for failure to prosecute were frivolous, that the dismissals did not count as strikes under § 1915(g)). However, in *Thompson v. Drug Enforcement Administration*, 492 F.3d 428, 433 (D.C. Cir. 2007), the D.C. Circuit held that a dismissal for failure to prosecute was a strike where the circuit court had previously declared the appeal frivolous when it denied the prisoner's motion to proceed ifp. The D.C. Circuit rejected as "hypertechnical" the prisoner's argument that the appeal was "formally dismissed . . . for failure to prosecute, rather than for frivolousness[, because b]ut for the judge declaring it frivolous, [the prisoner's] appeal would have gone forward." *Id.*

-11-

In our view, the Seventh Circuit's determination that the appeal in *Government of the State of Israel* was frivolous when it denied appellant's motion for ifp can properly be termed the "but for" cause of that court's subsequent dismissal, and we agree with the D.C. Circuit's conclusion that it would be "hypertechnical" to hold that the resulting dismissal for nonpayment was not a strike. *See Thompson*, 492 F.3d at 433; *see also O'Neal v. Price*, 531 F.3d 1146, 1152 (9th Cir. 2008) (holding that a "district court has 'dismissed' the prisoner's case for purposes of § 1915(g) when the court denies the prisoner's application to file the action without prepayment of the filing fee on the ground that the complaint is frivolous, malicious or fails to state a claim, and thereupon terminates the complaint" (quoting § 1915(g)). This strike also counts from May 26, 2009, when the Supreme Court dismissed appellant's petition for writ of certiorari. *See Hafed v. State of Israel*, 129 S. Ct. 2439 (2009) (Mem.) (No. 08-9403).

Having concluded that appellant had three clear strikes as of May 26, 2009, before he filed No. 09-1365 on August 17, 2009, we do not address his arguments in that appeal on their merits. *See Dubuc*, 314 F.3d at 1208-10.

B. Imminent-Danger Exception

There is only one exception to the prepayment requirement in § 1915(g), *Kinnell*, 265 F.3d at 1127-28, and it applies to a prisoner who "is under imminent danger of serious physical injury[,]" § 1915(g). To meet that exception, appellant

-12-

was required to make "specific, credible allegations of imminent danger of serious physical harm[.]" *Kinnell*, 265 F.3d at 1127-28 (quotations omitted). Every circuit to have decided the issue so far has concluded that the statute's use of the present tense shows that a prisoner must have alleged an imminent danger at the time he filed his complaint. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053-54 (9th Cir. 2007); *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Baños v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (per curiam). In this case, however, the district court did not consider whether appellant had struck out based on his past dismissals; rather, that issue became apparent when he filed his motions for leave to proceed ifp on appeal. But we need not decide whether appellant was required to allege imminent danger at the time he filed his first amended complaint or when he filed the appeals now before us. Giving him the benefit of the doubt on that question, appellant did not sufficiently allege that he was in imminent danger of serious physical injury.

An appellant should make his allegations of imminent danger in his motion for leave to proceed ifp. *See White v. Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998). But even if he points to other papers to establish his allegations of imminent harm, he should make a "specific reference as to which of the

defendants may have denied him what medication or treatment for what ailment on what occasion." *Id.* at 1232. He should identify at least "the general nature of the 'serious physical injury' he asserts is imminent." *Id.* "[V]ague and utterly conclusory assertions" are insufficient. *Id.* at 1231. "[C]redible, uncontroverted allegations of physical threats and attacks" would be sufficient, however. *Id.* at 1232.

When appellant filed No. 09-1365 in August 2009, he had been on notice for nearly a year from the Northern District of Illinois that he had "struck out." *See Hafed v. U.S. Court of Appeals, for the 7th Circuit*, 1:2008-cv-06042, Doc. 6 (N.D. Ill. Nov. 13, 2008). We have carefully reviewed appellant's first amended complaint, his motions for leave to proceed ifp on appeal in No. 09-1365, and his several motions filed in this court asserting an urgent need for medical help. In our view, his allegations of imminent harm are vague and conclusory, and they do not satisfy the imminent-danger exception to the three-strikes rule, as established by *White*.

## II. No. 09-1090

In No. 09-1090, appellant seeks review of the district court's order upholding the magistrate judge's interlocutory rulings entered prior to the dismissal of his first amended complaint. Although this appeal is from a non-final order; this appeal ripened once the district court entered its final ruling which dismissed appellant's first amended complaint. *Jackson v. Volvo Trucks N.*

-14-

*Am., Inc.*, 462 F.3d 1234, 1238 (10th Cir. 2006). ("[W]here parties appeal non-final orders, the court's subsequent issuance of an order explicitly adjudicating all remaining claims may cause a case to ripen for appellate review." (quotation omitted.)) If appellant does not pay the filing fee for No. 09-1365 to allow us to reach the merits of his arguments, however, No. 09-1090 will become moot.

### III. Conclusion

We grant appellant's motion for leave to proceed ifp in No. 09-1090, but do not proceed to the merits of that interlocutory appeal at this time. Appellant is reminded that he must continue making partial payments until the entire filing fee for that appeal is paid in full. We deny appellant's motion for leave to proceed ifp in No. 09-1365 and direct him to pay the full filing fee for that appeal within thirty days. Appellant's failure to pay the filing fee as directed will result in the dismissal of No. 09-1365 for failure to prosecute, and the dismissal of No. 09-1090 as moot. *See Young v. Miller*, 144 F.3d 1298 (10th Cir. 1998). Appellant's other outstanding motions are denied. Appellees' motion to strike is denied.