In the

# United States Court of Appeals

## For the Seventh Circuit

No. 11-2148

MICHAEL HUNTER HAURY,

*Plaintiff-Appellant,*

*v.*

BRUCE LEMMON, et al.,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of Indiana, South Bend Division.
No. 3:11-CV-145 RLM—**Robert L. Miller, Jr.**, *Judge.*

SUBMITTED AUGUST 15, 2011—DECIDED AUGUST 25, 2011

Before COFFEY, ROVNER, and HAMILTON, *Circuit Judges.*

PER CURIAM. Michael Haury, a prisoner in Indiana, filed a pro se lawsuit under 42 U.S.C. § 1983 against prison personnel and other defendants, alleging that they violated his civil rights by interfering with the delivery of his legal mail and failing to provide a sufficient law library. The district court denied his request to proceed as a pauper on the ground that he had accumulated three strikes for the dismissal of three prior

lawsuits, see 28 U.S.C. § 1915(g), and Haury appeals that decision. See *Roberts v. United States Dist. Court for Northern Dist. of California*, 339 U.S. 844, 845 (1950); *Turley v. Gaetz*, 625 F.3d 1005, 1008 n.3 (7th Cir. 2010). He also moves for leave to proceed as a pauper in this court. We conclude that only two of the cases named by the district court warrant strikes under § 1915(g), and accordingly grant Haury's motion, reverse the district court's decision, and remand for further proceedings.

The Prison Litigation Reform Act of 1995 (PLRA), Pub. L. 104-134, Title VIII, 110 Stat. 1321 (1996), precludes an inmate from bringing a civil action or appealing a civil judgment *in forma pauperis* if at least three of the inmate's prior lawsuits have been dismissed as frivolous, malicious, or for failing to state a claim on which relief may be granted. 28 U.S.C. § 1915(g). An exception exists when a prisoner is in danger of serious injury, see *id.*, though it does not apply here. We consider de novo the district court's application of the PLRA's three-strikes provision. *Turley*, 625 F.3d at 1008.

Of the three strikes imposed by the district court, only the third is problematic. The district court described the ground for dismissal in that 1991 case, *Haury v. Rose Brothers Trucking, Inc.*, No. EV 91-128-C (S.D. Ind. March 5, 1993), as being "frivolous for want of jurisdiction." That is not, however, entirely accurate. Instead, in 1993 the district court dismissed a portion of Haury's complaint for failing to state a claim, and it dismissed the remaining two claims for lack of jurisdiction. That court did not go so far as to characterize Haury's claims as

frivolous. We have never held in a published opinion that dismissal for lack of jurisdiction warrants a strike under 28 U.S.C. § 1915(g), though we have upheld a strike in an unpublished order where a district court dismissed a frivolous lawsuit, at least where the assertion of jurisdiction was itself also frivolous. See *De La Garza v. De La Garza*, 91 F. App'x 508, 509 (7th Cir. Feb. 19, 2004) ("Although dismissal for want of jurisdiction is not a ground specifically enumerated in § 1915(g), a strike is nevertheless permissible when the assertion of jurisdiction is frivolous."). Dismissal for failure to state a claim is an enumerated ground for acquiring a strike, but the statute does not mention dismissal for lack of jurisdiction.

Several other circuits have held that a dismissal for lack of jurisdiction does not warrant imposing a strike, at least where the assertion of jurisdiction was not found to be frivolous. In *Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 437 (D.C. Cir. 2007), the D.C. Circuit concluded that the plain language of § 1915(g) allows courts to impose a strike only for a dismissal based on one of the grounds enumerated in the statute—a conclusion we also reached in *Turley*, 625 F.3d at 1008-09. Because that list does not include dismissals for lack of jurisdiction, such a dismissal could not count as a strike. *Thompson*, 492 F.3d at 437. The court concluded "there is nothing necessarily frivolous or malicious in bringing an action for which the court lacks jurisdiction." *Id.* The court explained that "a dismissal for lack of jurisdiction is not the same as a dismissal for failure to state a claim: in enacting section 1915(g), Congress chose to mirror

the language of Federal Rule of Civil Procedure 12(b)(6), not 12(b)(1)." *Thompson*, 492 F.3d at 437. The Ninth and Second Circuits have reached the same conclusion. In *Andrews v. King*, 398 F.3d 1113 (9th Cir. 2005), the Ninth Circuit also hewed closely to the plain language of § 1915, concluding that dismissal of an appeal for lack of jurisdiction could not count as a strike because that basis for dismissal was not listed in § 1915(g). 398 F.3d at 1120-21. And in *Tafari v. Hues*, 473 F.3d 440 (2d Cir. 2007), the Second Circuit similarly held that a dismissal on appeal due to a jurisdictional defect (it was filed prematurely) did not warrant a strike under § 1915(g). A determination that a case cannot proceed in a particular forum or at a particular time is not a determination that the case is frivolous. 473 F.3d at 443.

The reasoning of these circuits is persuasive. We agree that a dismissal for lack of jurisdiction does not warrant a strike under 28 U.S.C. § 1915(g), at least when the assertion of jurisdiction is not itself found to be frivolous. The district court in *Haury v. Rose Brothers Trucking, Inc.* wrote that it lacked jurisdiction over two of Haury's claims. It is of course possible that the judge also considered that suit frivolous, but he did not say so at the time. He could not have known that the PLRA (enacted three years later in 1996) would make the precise ground of his decision important in another suit so many years later. Where the judge did not make such findings, we cannot read into his decision a ground for dismissal that he did not state, and which would also substantially limit Haury's ability to file a lawsuit. Because the district court in 1993 did not dismiss the

entirety of Haury's earlier case for one of the three bases listed in § 1915(g), the district court erred in imposing a strike in this case in 2011. See *Turley*, 625 F.3d at 1008-09; *Tolbert v. Stevenson*, 635 F.3d 646, 651 (4th Cir. 2011) ("§ 1915(g) requires that a prisoner's entire 'action or appeal' be dismissed on enumerated grounds in order to count as a strike"); *Thompson*, 492 F.3d at 432.

Accordingly, Haury has only two strikes, not three, and he remains eligible for pauper status if he qualifies otherwise. It remains to be seen whether there is a viable claim here, and even whether this case might earn Haury his third strike. But at least for now, the *in forma pauperis* gate remains open to him. Haury's request to proceed in forma pauperis on appeal is GRANTED. We REVERSE the district court's finding and REMAND the case for the district court to reconsider whether Haury may proceed as a pauper.