FUENTES, Circuit Judge,
concurring in part and dissenting in part:
As noted by the majority, under the “three strikes” provision of 28 U.S.C. § 1915(g), once a prisoner has, on three occasions, “brought an action or appeal ... that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,” that prisoner is barred from bringing any further civil actions under the Prison Litigation Reform Act of 1996 (“PLRA”). 28 U.S.C. § 1915(g). In my view, the primary question in this appeal is whether an action that is not explicitly dismissed for being “frivolous, malicious, or failing] to state a claim upon which relief may be granted” can count as a strike under § 1915(g). The majority holds that it can. I respectfully disagree.
At issue is our dismissal of Byrd’s appeal in Byrd v. Gillis, which we dismissed as being “without merit ... pursuant to 28 U.S.C. § 1915(e)(2)(B).” 43 Fed.Appx. 521, slip op. at 4 (3d Cir.2002). I disagree with the majority that this dismissal counts as Byrd’s second strike. Section 1915(e)(2)(B) of the PLRA provides that a court shall dismiss an action or appeal at any time if it “determines that — the action or appeal — (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.” 28 U.S.C. § 1915(e)(2)(B). Thus, while the first two prongs of § 1915(e)(2)(B) track the language of § 1915(g), the third prong — defendant’s immunity from suit — is not a basis for a strike under § 1915(g).
In dismissing Byrd’s appeal in Gillis, we did not specify which prong of § 1915(e)(2)(B) we relied on. However, as *221 the majority notes, “[w]ith regard to an appeal of summary judgment, such as in Byrd v. Gillis, the reason for a dismissal under § 1915(e)(2)(B) is necessarily limited to either the appeal’s frivolous or malicious nature or the defendant’s immunity from suit.” Majority Op. at 219. It is undisputed that the Gillis court found that Byrd’s state law claims were foreclosed by the Eleventh Amendment because the prison officials involved were immune from suit. Furthermore, while it ultimately determined that Byrd’s appeal lacked merit, the Gillis court made no explicit finding that the claims foreclosed by immunity were “frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted.”
As the Seventh Circuit has noted, “we cannot read into [a court’s] decision a ground for dismissal that [it] did not state, and which would also substantially limit [the prisoner’s] ability to file a lawsuit.” Haury v. Lemmon, 656 F.3d 521, 528 (7th Cir.2011). Because the dismissal in Gillis was not explicitly and entirely based on grounds covered by § 1915(g), I would hold that the 2002 dismissal in Gillis does not qualify as a strike. Accordingly, I respectfully dissent with respect to Part III.B of the majority opinion.
The weight of circuit authority indicates that “mixed dismissals” — those based in part on a § 1915(g) strike ground, and in part on other grounds — do not count as strikes.[1] In Thompson v. Drug Enforcement Administration, the D.C. Circuit held that “actions containing at least one claim falling within none of the three strike categories ... do not count as strikes.” 492 F.3d 428, 432 (D.C.Cir.2007). The Thompson court reasoned that “[section 1915(g) speaks of dismissal of ‘actions and appeals,’ not ‘claims.’ ” Id. Furthermore, in Tolbert v. Stevenson, 635 F.3d 646 (4th Cir.2011), the Fourth Circuit concluded that, “consistent with the view of the majority of circuits to consider the issue, [ ] the plain language of § 1915(g) applies only to actions dismissed entirely as frivolous, malicious, or for failing to state a claim.” Id. at 647 (emphasis in original). See also Haury, 656 F.3d at 523 (“Because the district court ... did not dismiss the entirety of [the prisoner’s] earlier case for one of the three bases listed in § 1915(g), the district court erred in part on grounds of immunity.”). In light of this authority, I would agree with the view that, to count as a strike, a dismissal must rest entirely on grounds set forth in § 1915(g). A dismissal based in part on grounds not stated in § 1915(g) should not count as a strike.
The majority agrees with this assessment, see Majority Op. at 219, and acknowledges that the Gillis court did not specify which prong of § 1915(e)(2)(B) it relied on in dismissing Byrd’s suit, id. at 219. However, it
decline[s] to adopt a categorical rule that courts, in dismissing actions and appeals under § 1915(e)(2)(B), must precisely indicate that the action or appeal is “frivo *222 lous or malicious” or “fails to state a claim on which relief may be granted” in order for the dismissal to count as a strike under § 1915(g).
Id. at 218. Instead, it adopts a position similar to that of the Tenth Circuit in Hafed v. Federal Bureau of Prisons, and holds that,
when a court dismisses an action or appeal under § 1915(e)(2)(B), without more specificity, our determination of whether the dismissal constitutes a strike is “not formalistic or mechanical; rather, we must consider the nature of the dismissal and ... whether the dismissal fits within the language of § 1915(g).”
Id. at 218-19 (quoting Hafed v. Fed. Bureau of Prisons, 635 F.3d 1172, 1178 (10th Cir.2011)).
Applying this holding, the majority concludes that Gillis does not constitute a “mixed dismissal” (in part of grounds of immunity), but “is appropriately viewed as a dismissal for frivolousness, rather than as a dismissal for suing an immune defendant.” Id. at 219. In arriving at this determination the majority reasons that,
the [Gillis ] Court dismissed the entire appeal as being “without merit,” and a dismissal based on the appeal’s frivolous nature addresses the entire appeal, whereas a dismissal based on the defendants’ immunity addresses only some of Byrd’s claims; namely, his state law claims and his claims against the defendants in their official capacities.
Id. (emphasis in original). The majority appears to be operating under the assumption that, because the Gillis court dismissed Byrd’s entire appeal under § 1915(e)(2)(B), it must have dismissed each of the claims brought on appeal under the same prong of § 1915(e)(2)(B). This is not necessarily so.
Indeed, it is entirely possible that, in dismissing the appeal as “without merit” under § 1915(e)(2)(B), the Gillis court intended to dismiss Byrd’s state law claims under § 1915(e) (2)(B) (iii) as foreclosed by immunity, and the rest of his claims under § 1915(e)(2)(B)(i) as frivolous. The majority’s reliance on the fact that the Gillis court “did not indicate that it was relying on § 1915(e)(2)(B)(iii) (concerning immunity) to dismiss any part of the appeal,” id. at 219, provides little evidence for its position. The Gillis court also did not indicate that it was relying on § 1915(e)(2)(B)© (concerning frivolousness) in dismissing the suit, which it could have — and presumably would have — if it meant to dismiss the entire suit as frivolous. Instead, it dismissed the appeal as “without merit” under § 1915(e)(2)(B), which encompasses dismissal on both frivolousness grounds and immunity grounds.
In recasting the dismissal in Gillis as one for frivolousness so that it will fit within the language of § 1915(g), the majority contends that “the phrase ‘without merit’ ” is “often associated with the word ‘frivolous’ in the context of § 1915(g)” as well as “in other areas of our jurisprudence.” Id. at 220. In my view, the majority incorrectly equates the words “without merit” with the term “frivolous.”[2] *223 While it is true that a “frivolous” action lacks merit, it does not follow that an action that is “without merit” is necessarily “frivolous.” See, e.g., McCarthy v. Mayo, 827 F.2d 1310, 1318 (9th Cir.1987) (“An appeal is frivolous when the result is obvious and the arguments on appeal wholly lack merit. An appeal that lacks merit is not necessarily frivolous.” (citation omitted)). Indeed, courts routinely use the words “without merit” to refer to arguments advanced by litigants without meaning to say that the argument is frivolous. The Supreme Court stressed this distinction in Anders v. California, in which it found that a California court’s determination that a petitioner’s appeal had “no merit” explicitly did not constitute a “finding of frivolity.” Anders v. California, 386 U.S. 738, 743, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); see id. (“[The court] failed ... to say whether [Charles Anders’ appeal] was frivolous or not, but ... simply found the petition to be ‘without merit.’ ”). See also Martin v. Knox, 502 U.S. 999, 999, 112 S.Ct. 620, 116 L.Ed.2d 642 (1991) (noting the distinction between “petitions that are frivolous and those that are merely meritless”) (Stevens, J. joined by Black-mun, J.) denying cert. to 945 F.2d 395 (Table) (3d Cir.1991). Thus, courts have drawn a clear legal distinction between these terms that is acutely relevant in this case.
In any event, the fact that a panel of our Court is divided as to the meaning of the Gillis court’s dismissal indicates the problem with treating it as a strike. Indeed, it is precisely this sort of uncertainty over the meaning of a prior court’s dismissal of an action or appeal that we should seek to avoid. The majority’s holding will require reviewing courts to weed through prior opinions to determine the precise grounds for a dismissal, and to analyze the decision and possibly even the pleadings from the underlying case in an effort to divine what the original court’s intention may have been. Furthermore, it will invite parties to relitigate the issues in those prior cases, arguing their level of merit.
I believe that a more appropriate course would be to conclude that, in order for a dismissal to be counted as a strike, the decision must explicitly state that the action or appeal was dismissed entirely for grounds covered by § 1915(g). This approach is supported by the D.C. Circuit’s reasoning in Thompson. There, the court faced the issue of whether to treat a dismissal as a strike where no grounds were given for the dismissal. After “weighing considerations of fairness, convenience, and probability,” the court held that the party challenging the in forma pauperis (“IFP”) motion bears the burden of producing evidence capable of convincing the court that a prior action or appeal was dismissed on one of § 1915(g)’s enumerated grounds. Id. at 435 In so doing, the court reasoned that:
Courts and government agencies have both the incentive and experience to ensure that strikes are identified as such at the time of dismissal. Counting unexplained dismissals as non-strikes greatly increases the chance that courts will, where appropriate, take the relatively easy step of making clear that dismissals rest on section 1915(g) grounds, if not to preserve their own resources, then because government defendants will remind them to do so.
*224 Id. at 435; see also Snider v. Melindez, 199 F.3d 108, 115 (2d Cir.1999) (stating in dicta that, for the sake of efficiency, a district court’s “judgment should clearly state the reasons for the dismissal, including whether the dismissal is because the claim is ‘frivolous,’ ‘malicious,’ or ‘fails to state a claim,’ ... or for other reasons”). The Seventh Circuit reached a similar conclusion in Haury, in which it held that the district court’s dismissal for lack of jurisdiction did not qualify as a strike, even if the district court may have also considered the action frivolous. As noted earlier in this dissent, the Haury court concluded, “we cannot read into [the court’s] decision a ground for dismissal that [it] did not state, and which would also substantially limit [the prisoner’s] ability to file a lawsuit.” Haury, 656 F.3d at 523.
Requiring that an action or appeal be explicitly dismissed on grounds covered by § 1915(g) in order to count as a strike has the added benefit of clearly informing prisoners of their IFP status, a benefit that has been acknowledged by our sister circuits. See, e.g., Paul v. Marberry, 658 F.3d 702, 706 (7th Cir.2011) (“[Classifying a dismissal as a strike depends on the grounds given for it; since most prisoners litigate their civil claims pro se, they should not be required to speculate on the grounds the judge could have or even should have based the dismissal on.”). Furthermore, this holding is in accordance with the “driving purpose of the PLRA [which] is to preserve the resources of both the courts and the defendants in prisoner litigation.” Thompson, 492 F.3d at 438. That “purpose is best accomplished by a bright-line rule that avoids the need to relitigate past cases.” Id.
Accordingly, I respectfully dissent with respect to Part III.B of the majority opinion.[3]

. See Tolbert v. Stevenson, 635 F.3d 646, 647, 651-52 (4th Cir.2011); Haury v. Lemmon, 656 F.3d 521, 523 (7th Cir.2011); Thompson v. Drug Enforcement Admin., 492 F.3d 428, 432, 440 (D.C.Cir.2007); see also Mayfield v. Texas Dep't of Criminal Justice, 529 F.3d 599, 617 (5th Cir.2008) (finding that prisoner did not incur a strike because some of his claims should have survived through the summary judgment stage); Powells v. Minnehaha Cnty. Sheriff Dep’t, 198 F.3d 711, 713 (8th Cir.1999) ("The reversal as to some of Powells’s claims in No. 98-4160 eliminates one of the 'three strikes' that was the basis for the District Court’s dismissal of the two later-filed cases.”). But see Pointer v. Wilkinson, 502 F.3d 369, 376 (6th Cir.2007) ("[W]here an entire complaint is dismissed, in part for failure to exhaust and in part for one of the grounds stated in § 1915(g), the dismissal should count as a strike.”).

. Notably, in each of the cases cited by the majority in support of its position, the words "without merit” and similar variations are preceded by a modifier, indicating that lack of merit alone does not make an action "frivolous.” See Deutsch v. United States, 67 F.3d 1080, 1085 (3d Cir.1995) ("a claim based on an indisputably meritless legal theory may be dismissed as frivolous under [§ 1915]”) (emphasis added); Quiroga v. Hasbro, Inc., 943 F.2d 346, 347 (3d Cir.1991) ("An appeal is frivolous if it is wholly without merit.") (emphasis added) (citation omitted); Hilmon Co. (V.I.), Inc. v. Hyatt Int'l, 899 F.2d 250, 251 (3d Cir.1990) ("In this circuit an appeal is considered frivolous when it is utterly without *223 merit.”) (emphasis added) (internal quotation marks omitted); Kahn v. United States, 753 F.2d 1208, 1214 (3d Cir.1985) (“the government argues that Emily Kahn's claim for a 'war tax refusal’ credit was wholly without legal foundation and therefore 'frivolous' within the meaning of section 6702(a)(2)(A)” of the Internal Revenue Code) (emphasis added). No such modifier was used in the Gillis opinion.

. I do not disagree with Part III.A of the majority opinion, which holds that a strike may be accrued in actions or appeals regardless of whether the prisoner proceeded IFP or not.