NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 26, 2021[*]
Decided July 27, 2021

**Before**

MICHAEL S. KANNE, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-1497

| | |
|---|---|
| MICHAEL L. CORBITT, JR.,<br>    *Plaintiff-Appellant*, | Appeal from the United States District<br>Court for the Eastern District of Wisconsin. |
| *v.* | No. 20-cv-98-pp |
| WISCONSIN DEPARTMENT OF<br>CORRECTIONS, et al.,<br>    *Defendants-Appellees*. | Pamela Pepper,<br>*Chief Judge*. |

**O R D E R**

Michael Corbitt, Jr., a Wisconsin inmate, alleged in a complaint under 42 U.S.C. § 1983 that he was injured when the sliding electric doors at the prison closed on him. The district court concluded that Corbitt's allegations sounded in negligence, a state-law claim, and dismissed his complaint for lack of subject-matter jurisdiction. On appeal, Corbitt contends that he alleged facts supporting a deliberate-indifference claim

---

[*] We have agreed to decide the case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C). The case was dismissed at screening before any defendant was served with process, so no appellees are participating in the appeal.

under the Eighth Amendment. But because Corbitt's allegations describe only negligence, we affirm.

For purposes of this appeal, we accept as true the facts alleged in Corbitt's complaint (as clarified in his appellate brief). *See Smith v. Dart*, 803 F.3d 304, 309, 311 (7th Cir. 2015). Late one afternoon, he was returning to the Milwaukee Secure Detention Facility from an escorted hospital visit. At the prison's entrance, one must pass through an intake sally port equipped with radio-controlled sliding doors. The doors are opened and closed by prison officers who receive radio transmissions from intake officers. Under facility policy, the staff must ensure that the entrance is clear before opening or closing the doors. But that afternoon, Corbitt says, prison officers "were not paying attention" and the doors shut on him. He sought declaratory relief and damages for his pain and suffering. As defendants, Corbitt named the Wisconsin Department of Corrections and unknown officers and sergeants.

The district court screened the complaint, *see* 28 U.S.C. § 1915A, and dismissed it for lack of federal jurisdiction. As the court explained, Corbitt's allegation that the defendants inattentively closed the doors on him amounted to a claim of negligence, which—given the lack of diversity jurisdiction among the parties—could be brought only in state court.

On appeal, Corbitt argues that he adequately asserted a claim under the Eighth Amendment—deliberate indifference—by alleging that the defendants violated the prison's policy of ensuring that the automatic door was clear before closing it on him. But to state a claim of deliberate indifference, a plaintiff must allege that the defendants knew or recklessly disregarded a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). By alleging that the prison officers closed the door on him because they "were not paying attention," Corbett articulated at most a negligence claim—to which constitutional liability does not attach. *See id.* at 836; *Estate of Her v. Hoeppner*, 939 F.3d 872, 877 (7th Cir. 2019) (internal quotations omitted) ("[N]ot paying enough attention to a child and thus allowing the child to … drown is terribly tragic and possibly even negligent.") And a failure to follow a prison's policy, by itself, does not amount to a constitutional violation under § 1983. *See Estate of Simpson v. Gorbett*, 863 F.3d 740, 746 (7th Cir. 2017).

Corbitt also argues that the district court should have allowed him to amend his complaint before dismissing it. District courts ordinarily should give a pro se plaintiff at least one opportunity to amend a complaint. *Abu-Shawish v. United State*s, 898 F.3d 726, 738 (7th Cir. 2018) (collecting cases); *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015).

But any amendment here would be futile. Corbitt says nothing to back away from his allegation that the prison officers shut the door on him inattentively. (Indeed, he proposes only that he wishes to dismiss the Wisconsin Department of Corrections as a party and add Warden Steven Johnson and other unnamed sergeants and correctional officers.)

One final note: The district court mistakenly stated that Corbitt would receive a "strike" for this case under 28 U.S.C. § 1915(g). A strike is incurred only when "an inmate's case is dismissed *in its entirety* based on the grounds listed in [28 U.S.C.] § 1915(g)." *Turley v. Gaetz*, 625 F.3d 1005, 1012 (7th Cir. 2010). We understand the district court here to have dismissed Corbitt's complaint for lack of federal jurisdiction, which is not one of the grounds enumerated in § 1915(g) for counting as a strike. *See Haury v. Lemmon*, 656 F.3d 521, 523 (7th Cir. 2011).

AFFIRMED