**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 17, 2021[*]
Decided August 24, 2021

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 20-2645

| | |
|---|---|
| TIMOTHY W. ELKINS, JR., <br> *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Western Division. |
| *v.* | No. 3:19-cv-50345 |
| JOHN VARGA, *et al.*, <br> *Defendants-Appellees*. | **John Robert Blakey**, <br> *Judge*. |

**O R D E R**

While a prisoner at Dixon Correctional Center in Illinois, Timothy Elkins sued several prison officials under 42 U.S.C. § 1983 for failing to protect him from an assault and ignoring his injuries. Before screening Elkins' amended complaint, though, the district court determined that he had accrued three "strikes" under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), and revoked his leave to proceed in forma

---

[*] Appellees were not served with process in the district court and are not participating in this appeal. We have agreed to decide this case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

pauperis. Instead of paying the statutory filing fee, Elkins appealed. *See Roberts v. U.S. Dist. Court for N. Dist. of Cal.*, 339 U.S. 844, 845 (1950). We agree with Elkins that one of the dismissals relied on by the district court is not a strike. Elkins had only two others at the time he filed his complaint, so we vacate the district court's order and remand for further proceedings.

Elkins filed his complaint in December 2019, and the district court initially permitted him to proceed in forma pauperis. When Elkins amended the complaint a few months later, however, the court ordered him to show cause why his pauper status should not be revoked because it had "come to the Court's attention" that he had three strikes under the PLRA. The court first counted two of Elkins' prior lawsuits that had been dismissed for failure to state a claim, and Elkins does not dispute either case's status as a strike. The third strike came from *Elkins v. Madison County*, No. 3:18-cv-1311 (S.D. Ill. dismissed Aug. 3, 2018), which was Elkins' challenge to a state-court foreclosure proceeding that the federal court dismissed for lack of jurisdiction under the *Rooker-Feldman* doctrine—the general rule that the Supreme Court is the only federal court that can review state-court judgments. *See District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The district court here found that *Madison County* was frivolous, so it determined that Elkins had struck out and revoked his pauper status.

Elkins timely appealed in August 2020, arguing that *Madison County* should not have counted as a strike. We agree with him. The PLRA's "three strikes" provision limits a prisoner's right to proceed in forma pauperis in specific circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Prisoners incur a strike only when a case is dismissed on one of the grounds listed in the statute. *Turley v. Gaetz*, 625 F.3d 1005, 1008–09 (7th Cir. 2010). Lack of jurisdiction is not on that list. *See Haury v. Lemmon*, 656 F.3d 521, 522 (7th Cir. 2011). A case dismissed for lack of jurisdiction thus can lead to a strike only if the assertion of jurisdiction was frivolous. *Id.* at 523.

The district court recognized these principles but misapplied them to Elkins' case. It concluded that the assertion of jurisdiction in *Madison County* was frivolous because the suit was dismissed under the *Rooker-Feldman* doctrine, and the court understood *Steele v. Cottey*, 234 F.3d 1274 (7th Cir. 2000) (table decision), to hold that any lawsuit dismissed under *Rooker-Feldman* was necessarily frivolous. That was a misreading of *Steele*, which in any event was a nonprecedential order and not the law of the circuit. *See* 7TH CIR. R. 32.1(b). *Steele* applied an earlier, more expansive understanding of the scope of *Rooker-Feldman* that does not appear to be consistent with the Supreme Court's later decision in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005), showing that there is plenty of room for non-frivolous disagreement about the scope of the doctrine. On its own terms, moreover, *Steele* found only that the assertion of jurisdiction in that particular case was frivolous. It did not hold that *any* case barred by *Rooker-Feldman* is frivolous, nor could it have done so given the evolution of that doctrine and the room to debate its boundaries.

Instead, our precedent holds that a prisoner incurs a strike only when the district judge dismissing the case finds that the assertion of jurisdiction was frivolous. *See Haury*, 656 F.3d at 523. The district judge made no such finding in *Madison County*. "It is of course possible that the judge also considered that suit frivolous." *Id.* But "[w]here the judge did not make such findings, we cannot read into his decision a ground for dismissal that he did not state." *Id.*

Elkins thus had only two strikes at the time he filed this complaint, so the district court erred in revoking his leave to proceed in forma pauperis under § 1915(g). We have since determined that Elkins incurred a third strike on October 1, 2020, when he had another case dismissed for failure to state a claim. *See Elkins v. Remmers*, No. 19 C 50344 (N.D. Ill. Oct. 1, 2020), *appeal dismissed*, No. 20-2956 (7th Cir. June 23, 2021). But because § 1915(g) precludes a prisoner from bringing an action or appeal in forma pauperis only if the strikes were incurred on "prior occasions," the later strike does not change the outcome for this suit and appeal, brought before Elkins' latest strike. *See Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996). Elkins also appears to have been released from prison while this appeal was pending, though that too has no effect on a case he brought while he was a prisoner. *See Robbins v. Switzer*, 104 F.3d 895, 897 (7th Cir. 1997).

Elkins otherwise contends that § 1915(g) is unconstitutional as applied to him, that his complaint met the imminent-danger exception in that section, and that the district court was obliged to recruit counsel for him before revoking his pauper status. Because we conclude § 1915(g)'s "three strikes" provision does not apply in this case,

we need not consider these arguments. We VACATE the district court's order revoking Elkins' pauper status and REMAND for the court to screen Elkins' amended complaint. *See* 28 U.S.C. § 1915(e)(2).